# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM L. HARTUNG**
        Petitioner,

    v.                                          Case No. 10-C-0169

**MICHAEL THURMER**
        Respondent.

---

## ORDER

On March 11, 2010, William L. Hartung filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Pepin County Circuit Court of second degree sexual assault and burglary. He was sentenced to twenty years' initial confinement and twenty years' supervised release and is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

In his petition, Hartung raises three grounds for habeas relief. First, he argues that evidence was obtained without proper <u>Miranda</u> warnings. Second, he argues that the trial

court miscalculated his sentence and that his trial counsel was ineffective for failing to call the court's attention to the error.  Finally, petitioner argues that he was denied his right to a trial before an impartial judge.  These are all colorable constitutional claims, and therefore it does not plainly appear from the petition and the attached exhibits that Hartung is not entitled to relief in the district court.  Respondent will be ordered to file an answer or dispositive motion.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with or in lieu of his answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with or in lieu of his answer, this briefing schedule will be suspended and the briefing schedule will be as follows:  (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

2

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 22 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge