# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM L. HARTUNG
        Petitioner,

v.                                                Case No. 10-C-0169

MICHAEL THURMER
        Respondent.

## DECISION AND ORDER

On March 11, 2010, William L. Hartung filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Pepin County Circuit Court of second degree sexual assault and burglary. He was sentenced to twenty years' initial confinement and twenty years' supervised release and is currently incarcerated at Waupun Correctional Institution. He raises three grounds for habeas relief: that he was not given proper Miranda warnings at the time of his arrest; that the trial court miscalculated his sentence and that his trial counsel was ineffective for failing to call the court's attention to the error; and that he was denied his right to an impartial judge. Respondent has moved to dismiss the petition on the ground that it was filed more than one year after petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1).

Hartung's judgment of conviction was entered on November 18, 2002. He appealed to the Wisconsin Court of Appeals, which affirmed his conviction in a decision issued on September 9, 2003. Hartung did not seek review of the court of appeals's decision with the Wisconsin Supreme Court, and the court of appeals issued the remittitur on October

17, 2003. Petitioner did not file anything further in relation to his conviction until October 12, 2005, when he filed a post-conviction motion with the state trial court under Wis. Stat. § 974.06.

Respondent argues that petitioner's conviction became final by the expiration of the time for seeking direct review on January 15, 2004. He arrives at this date by adding 90 days – the time for petitioning for certiorari in the United States Supreme Court – to the date on which the court of appeals issued its remittitur. See Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005). However, in my view, it is likely that the conviction became final prior to this time, because, in failing to seek review with the Wisconsin Supreme Court, petitioner forfeited his right to petition for certiorari, and therefore he is not entitled to add 90 days to the date on which the remittitur was issued. See Bilgrien v. Pugh, __ F. Supp. 2d __, 2010 WL 2301146, at *2 (E.D. Wis. 2010). In any event, whether or not the 90 days are included, petitioner did not file his habeas petition – or a state post-conviction motion that would have tolled the limitations period under 28 U.S.C. § 2244(d)(2) – within one year of the date on which the time for seeking direct review expired, and thus the present petition is untimely.

Petitioner argues that the untimeliness of his petition should be excused for reasons relating to his efforts to secure counsel, and I construe this argument as a request for equitable tolling. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2559 (2010) (holding that § 2244(d) is subject to equitable tolling in appropriate cases). Petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562.

Petitioner states that, in November 2003, he asked the Legal Assistance to Institutionalized Persons Project at the University of Wisconsin-Madison ("LAIP") to take a look at his case, but that LAIP did not contact him until November 2009. He also states that he paid a private attorney a $2,500 retainer in September 2003 and consulted with him about his case. The attorney advised petitioner that his Miranda claim was not viable. Petitioner states that he kept this attorney retained until September 2005 "in hopes [the attorney] could do something with [petitioner's] case." (Pet'r's Br. [Docket #9] at 3.) However, the attorney did not pursue any relief on petitioner's behalf, and in October 2005 petitioner decided to file his state post-conviction motion while proceeding pro se. But by this time the federal limitations period had already expired.

I conclude that the circumstances described by petitioner do not warrant equitable tolling. Although LAIP failed to respond to petitioner's request for assistance until after the limitations period expired, it was petitioner's responsibility to diligently pursue his own rights, and when LAIP did not promptly respond to his requests, petitioner should have pursued other options. In fact, petitioner did pursue another option when he hired a private attorney in September 2003, but petitioner did little more than consult with this attorney about his Miranda rights and did not instruct this attorney to initiate any proceedings in either state or federal court. Thus, petitioner's circumstances are nothing like the circumstances of the petitioner in Holland.

In Holland, the petitioner repeatedly instructed his attorney to file his habeas petition prior to the expiration of the limitations period, but the attorney ignored his instructions. 130 S. Ct. at 2564-65. When the petitioner's attorney ignored his letters, the petitioner repeatedly contacted the state courts, their clerks, and the Florida State Bar Association

3

in an effort to have the attorney replaced before the expiration of the limitations period. Id. at 2565. The Supreme Court found that, in neglecting the petitioner's instructions and failing to communicate with him, the attorney committed acts and omissions constituting serious professional misconduct. Id. at 2564.

In the present case, the facts do not suggest that petitioner's attorney ignored petitioner's instructions or engaged in any other form of negligence or misconduct. Rather, as noted, petitioner merely consulted with this attorney and kept him on retainer while hoping that something could be done. Eventually, petitioner decided to file a state post-conviction motion pro se, but this does not suggest that petitioner's failure to pursue his rights in a timely fashion was the result of serious misconduct by his attorney. Accordingly, I find that petitioner is not entitled to equitable tolling.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss the petition pursuant to 28 U.S.C. § 2244(d) is **GRANTED.** The clerk of court shall enter final judgment dismissing the petition. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

/s_____
LYNN ADELMAN
District Judge